IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES RUSSELL,                           :
                                         :
                    Plaintiff,           :     CIVIL ACTION NO. 18-364
                                         :
        v.                               :
                                         :
HAHMANAM HOSPITAL and DR. JOHN           :
TRAS,                                    :
                                         :
                    Defendants.          :

**MEMORANDUM OPINION**

Smith, J.                                                              March 12, 2018

The *pro se* prisoner plaintiff has brought this action against the defendants for their alleged malpractice in inserting three pins into his right hand, apparently failing to perform the procedure properly by not adequately securing the pins, and then failing to timely remove the pins. Despite the plaintiff using a form complaint for prisoners asserting actions under 42 U.S.C. § 1983, he has not included any plausible allegations for any violations of his constitutional rights or violations of any federal statutes. In addition, the allegations do not plausibly support a claim that the defendants acted under color of state law. As such, the plaintiff has failed to state a plausible claim for relief under section 1983.

In addition, to the extent that the plaintiff is asserting a malpractice claim under Pennsylvania law, he has not included sufficient allegations about the parties' citizenship so that the court can discern whether the court has subject-matter jurisdiction over such a claim under 28 U.S.C. § 1332(a). In particular, the plaintiff has not included any allegations regarding the defendants' citizenship (other than that the named doctor defendant worked at the defendant hospital's location in Philadelphia) or allegations about his own citizenship outside of the place of his current incarceration.

Accordingly, the court will dismiss the complaint without prejudice to the plaintiff to either (1) refile the action in state court, or (2) file an amended complaint within 30 days which includes the necessary allegations about the parties' citizenship so the court can determine whether subject-matter jurisdiction exists in this action.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, James Russell ("Russell"), filed an application to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint against the defendants, Hahnemann Hospital (misspelled as "Hahmanam Hospital" and "Hahman Hospital" in the complaint) and Dr. John Tras, on January 25, 2018.[1] Doc. No. 1. Unfortunately, Russell failed to file a certified copy of his prisoner account statement for the six-month period prior to the filing of this civil action on January 25, 2018, as required by 28 U.S.C. § 1915(a). As such, the court entered an order on February 1, 2018, which, *inter alia*, (1) denied the IFP Application without prejudice, and (2) required Russell, within thirty (30) days of the date of the order, to either (a) remit the $350.00 filing fee and $50.00 administrative fee to the clerk of court, or (b) file a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from July 25, 2017, through January 25, 2018. *See* Order at 1-3, Doc. No. 2.

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). Here, the plaintiff included a declaration with the complaint in which he states that he provided the complaint to prison authorities on January 25, 2018, for mailing to the clerk of court. *See* Complaint at ECF p. 8, Doc. No. 1-1.

Regarding the name of the hospital defendant, the court has interpreted the misspelled name as Hahnemann Hospital not only because the names are similar (and it appears Russell attempted to spell it phonetically) but because the address referenced in the complaint, 230 North Broad Street in Philadelphia, is listed as part of Hahnemann Hospital. *See* https://www.hahnemannhospital.com/SitePages/Our-Locations.aspx (identifying hospital location at 230 North Board Street, Philadelphia, PA 19102) (last visited March 11, 2018).

Russell timely filed his prisoner trust fund account statement covering the period from July 1, 2017, to February 14, 2018. *See* Doc. No. 3. Thus, Russell has complied with the court's February 1, 2018 order.

In the complaint, Russell alleges that on February 10, 2017, he had three pins placed in his right hand while he was at Hahnemann Hospital. *See* Compl. at ECF pp. 2-3, Doc. No. 1-1. He went for a follow-up appointment on February 21, 2017, and his stitches were removed on March 7, 2017. *Id.* at ECF p. 3. At that time, someone told him that the "pins [were] going to be remove[d] in a couple weeks." *Id.*

On the date that Russell was supposed to get the pins removed, he received a call informing him that the surgeon was unavailable. *Id.* Subsequent to this call, Russell was arrested and one of the pins popped out of his hand while he was incarcerated in the Curran-Fromhold Correctional Facility. *Id.* Thereafter, Russell had an open wound for three weeks and he had to use "county soap" to keep it clean. *Id.* It appears that once the wound closed, Russell received medication. *Id.* Russell is seeking $500,000 for "malpractice." *Id.*

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful

3

> litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (alteration to original) (internal citations omitted).

Here, after reviewing the IFP Application and prison trust account statement, it appears that Russell is unable to pay the costs of suit. Therefore, the court will grant Russell leave to proceed *in forma pauperis*. The court also notes that since Russell is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court ultimately dismisses this action.

### B.     Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction

Because the court has granted Russell leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

In addition, the court has the authority to examine the court's subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an

objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Russell bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Here, Russell used this court's form complaint for prisoners filing civil rights actions under 42 U.S.C. § 1983. *See* Compl. at 1. Despite using this form, Russell has not expressly included allegations that would indicate that he is pursuing a claim for any violations of his constitutional rights or for violations of any federal statute. In this regard,

> [t]o succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (alterations in original) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

In the complaint, there are no allegations that would support a cause of action under section 1983. Russell has not identified any federal statute or constitutional right that the defendants purportedly violated, and the court cannot discern any such violation from the allegations in the complaint. Additionally, there are no allegations plausibly supporting a finding that the defendants were state actors acting under color of state law.

In this regard, the court recognizes that medical providers could be considered to be state actors if they have contracted with a corrections department or a corporate prison health care provider. *See, e.g.*, *Talbert v. Kaplan*, No. 12-cv-6533, 2013 WL 4434214, at *4 (E.D. Pa. Aug. 20, 2013) (concluding that defendant doctor was not a state actor because, *inter alia*, "[t]here is no allegation in the complaint that Dr. Kaplan was employed by or under contract with either the Philadelphia Department of Corrections or Corizon Medical, the corporate prison health care provider."). Here, however, it appears that Russell was not incarcerated when he had the pins placed in his hand and when he was informed that the surgeon was unavailable to remove them. *See* Compl. at ECF p. 3. The complaint suggests that Russell was incarcerated after those events occurred. *Id.* Under these circumstances, Russell has failed to plausibly suggest that the named defendants "'exercised power possessed by virtue of state law and made possible only because [they were] clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (describing "under color of state law" requirement in section 1983 actions (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)). Accordingly, the court

will dismiss any federal claims Russell is possibly asserting for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

The only logical basis for a lawsuit against the defendants would be, as seemingly asserted by Russell in the complaint, a claim for malpractice. Thus, the only manner in which this court could potentially exercise subject-matter jurisdiction over this action would be under the diversity jurisdiction statute, 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Although this appears to be the only basis for this court's jurisdiction over this matter, it does not appear that the court would possess diversity jurisdiction over this action because it appears likely that the parties are not completely diverse.[2]

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of a state in which the individual is domiciled, meaning the state where the individual is physically present and intends to remain. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

---

[2] Russell seeks $500,000 in damages. While this amount might be unrealistic, if he can prove a malpractice claim against the defendants, he could seemingly exceed the jurisdictional threshold of $75,000.

8

As a current prisoner, Russell's domicile "before his imprisonment presumptively remains his domicile during his imprisonment. That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (per curiam) (citations omitted). Although Russell alleges that he is currently incarcerated at the Philadelphia Industrial Correctional Complex, he does not include any allegations about where he was domiciled prior to his incarceration.

In addition, the complaint is devoid of information regarding Hahnemann Hospital's business form, *i.e.* whether it is a non-profit corporation or another type of business organization, which is necessary for determining its citizenship. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (indicating that a corporation is a citizen of the state in which it is incorporated as well as the state where it has its principal place of business); *Lincoln Ben. Life Co.*, 800 F.3d at 107 (concluding that plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship if plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Russell has also failed to provide any information regarding Dr. Tras's domicile.[3] Thus, at this point, the court cannot discern whether diversity jurisdiction exists and the court must dismiss the complaint.

### C. Leave to Amend

The court recognizes that "a court should ordinarily allow a plaintiff to amend his complaint to properly allege the parties' citizenship, unless amendment would be inequitable or

---

[3] The address identified as Dr. Tras's address in the complaint is also the address for the hospital. The court also notes that despite lacking the pertinent information about the defendants' citizenship, it is possible that Russell and at least once of the defendants are domiciled in Pennsylvania. If so, diversity jurisdiction would not exist, as "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quotation omitted).

futile." *Pierro*, 386 F. App'x at 310 (citing 28 U.S.C. § 1653 and *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). As such, the court will grant leave to Russell to amend the complaint to properly allege the parties' citizenship.

### III. CONCLUSION

As it appears that Russell has failed to state a plausible claim for relief under 42 U.S.C. § 1983 and has failed to include the necessary allegations so the court can discern whether the court has subject-matter jurisdiction over this action, the court will dismiss the complaint without prejudice to him refiling this action in state court or filing an amended complaint in this action within thirty days of the date of this order in the event he can state a claim within this court's jurisdiction. Any amended complaint must identify all defendants in the caption and clearly state the basis for Russell's claims against each defendant. In addition, Russell must include the necessary allegations concerning the parties' citizenship as explained in this memorandum opinion.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.