IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES RUSSELL, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-364 |
| v. | : | |
| HAHMANAM HOSPITAL and DR. JOHN TRAS, | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 12th day of March, 2018, after considering the application to proceed *in forma pauperis* and the proposed complaint filed by the *pro se* plaintiff, James Russell (Doc. No. 1), along with the plaintiff's prisoner account statement (Doc. No. 3); and for the reasons stated in the court's separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and the plaintiff has leave to proceed *in forma pauperis*;

2. The plaintiff, James Russell, #949046, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by the plaintiff, the court assesses an initial partial filing fee of $8.40. The warden or other appropriate official at the Philadelphia Industrial Correctional Center or at any other prison at which the plaintiff may be incarcerated is directed to deduct $8.40 from the plaintiff's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-364. In each succeeding month when the amount in the plaintiff's inmate trust fund account exceeds $10.00,

the warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to the plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-364;

3. The clerk of court is **DIRECTED** to send a copy of this order to the warden of the Philadelphia Industrial Correctional Center;

4. The complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e). Any federal claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff's state law malpractice claim is **DISMISSED WITHOUT PREJUDICE** to the plaintiff refiling it in state court, or filing an amended complaint in this action within thirty (30) days of the date of this order in the event that he can state a claim within this court's subject-matter jurisdiction. Any amended complaint must identify all defendants in the caption and clearly state the basis for the plaintiff's claims against each defendant. In addition, the plaintiff must include the necessary allegations concerning the parties' citizenship as explained in the separately filed memorandum opinion. If the plaintiff files an amended complaint, the clerk of court shall not make service until so ordered by this court; and

5. If the plaintiff fails to timely file an amended complaint in accordance with this order, the court may dismiss the case for failure to prosecute without further notice to him.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.